IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT FILED**

JUL 26 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| MICHAEL NSIEN, and <br> UZOAMAKA NSIEN, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRY MUTUAL INSURANCE <br> COMPANY d/b/a COUNTRY <br> FINANCIAL, a Foreign Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

MARY F. FITZGERALD

Case No. **CJ-2016-02713**

*Attorney Lien Claimed*
*Jury Trial Demanded*

## PETITION

COME NOW Plaintiffs Michael and Uzoamaka Nsien (collectively "Plaintiffs"), by and through their counsel of record Richardson Richardson Boudreaux, and hereby assert their claims and causes of action against Defendant, Country Mutual Insurance Company d/b/a Country Financial ("Defendant"). In furtherance thereof, Plaintiffs state and allege as follows:

### PARTIES, VENUE AND JURISDICTION

1. Plaintiff Michael Nsien is a resident of Broken Arrow, Tulsa County, Oklahoma.

2. Plaintiff Uzoamaka Nsien is a resident of Broken Arrow, Tulsa County, Oklahoma.

3. Plaintiffs Michael Nsien and Uzoamaka Nsien are husband and wife, and for all intents and purposes, are and/or were primary policyholders with Defendant.

4. Based upon information and belief, Defendant is a property and casualty insurance company incorporated in and having its principal place of business in Illinois.

5. Based upon information and belief, Defendant offers, sells and provides insurance related services and products in the State of Oklahoma.

6. Subject matter jurisdiction is proper in the district courts of the State of Oklahoma pursuant to Okla. Const. art. 7, §7 and Okla. Stat. tit. 12, §2004(F). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

7. Personal jurisdiction over the out of state Defendant is proper pursuant to the State of Oklahoma's long arm statute - Okla. Stat. tit. 12, §2004(F) - authorizing courts of this state to exercise jurisdiction on any basis consistent with the Constitutions of the United States and Oklahoma. Defendant, by itself and/or through its agents, systematically offers, sells, and provides insurance related services in the State of Oklahoma.

8. Venue is proper in Tulsa County pursuant to Okla. Stat. tit. 12, §187, as the sole Defendant is a foreign corporation, the Plaintiffs are residents of Tulsa County, and the damages arose in Tulsa County.

### STATEMENT OF THE FACTS

9. Plaintiff incorporates paragraphs 1 through 8 as though stated *verbatim* below.

10. Plaintiffs had insured their vehicles in Broken Arrow, Tulsa County, Oklahoma with Defendant via a policy taking effect on November 19, 2015.

11. During the existence of the policy, Defendant communicated to Plaintiffs that they were behind on premium payments and that they needed to make arrangements to cover the balance owed.

12. More specifically, Defendant, by and through agent Andrea Pittman, stated to Plaintiffs that payment of at least $450.00 was required by March 6, 2016 to keep their policy effective.

13. Plaintiffs rendered a payment of $450.00 to Defendant on March 4, 2016, and were reassured that said payment would suffice to keep their current policy in effect and that they would be contacted concerning remaining payments.

14. Defendant, by and through agent Andrea Pittman, stated to Plaintiffs that the sum of $575.00 was required by March 31, 2016 to keep their current policy effective.

15. Plaintiffs rendered a payment of $575.00 to Defendant on March 31, 2016.

16. Meanwhile, on or about March 21, 2016, Plaintiffs were stopped in their 2008 Jeep Commander at the stoplight at the intersection of Aspen Ave. and Omaha St. in Broken Arrow, OK, when they were struck from behind by another vehicle.

17. Plaintiffs suffered physical injuries and sought medical attention.

18. Plaintiffs promptly presented their claim including medical bills to Defendant for processing.

19. Defendant has denied coverage for the accident based on an alleged lapse in coverage in Plaintiffs' policy from March 6, 2016 to March 31, 2016.

20. Plaintiffs, however, made the requested payments described above, *supra*, and were told that those payments would guarantee coverage under the existing terms of their policy.

21. Defendant's refusal to provide coverage under the terms of Plaintiffs' policy is unreasonable and done in bad faith.

22. Plaintiffs have suffered damages as a result of Defendant's conduct alleged herein.

### FIRST CAUSE OF ACTION: BAD FAITH

23. Plaintiffs hereby incorporate paragraphs 1 through 22 as though stated *verbatim* below.

24. Pursuant to the terms of the insurance policy at issue in this case, Defendant was required to pay Plaintiffs' claim.

25. Defendant's failure to pay and/or refusal to pay was unreasonable under the circumstances of this case because, among other reasons: Defendant accepted a payment of $450.00 from Plaintiffs on March 4, 2016; Defendant, by and through agent Andrea Pittman, stated to Plaintiffs that said payment was sufficient to guarantee coverage under their existing policy; Defendant accepted a subsequent payment of $575.00 from Plaintiffs on March 31, 2016.

26. There is no reasonable or legally permissible basis for Defendant's refusal to pay Plaintiffs' claim.

27. Defendant did not deal fairly and in good faith with Plaintiffs.

28. Defendant's violation of its duty of good faith and fair dealing was the direct and proximate cause of the injury sustained.

### SECOND CAUSE OF ACTION: BREACH OF CONTRACT

29. Plaintiffs hereby incorporate paragraphs 1 through 28 as though stated *verbatim* below.

30. Plaintiffs and Defendant had a contract for automobile insurance, whereby Defendant would investigate and pay valid claims, in full, within a reasonable time frame in exchange for Plaintiffs' payment of premiums.

31.     Defendant has failed to make a timely payment in response to presentment of Plaintiffs' valid claims and, thus, breached the contract.

32.     Plaintiffs have suffered damages as a direct and proximate result of the breach.

### EXEMPLARY AND PUNITIVE DAMAGES
### (AS TO FIRST CAUSE OF ACTION)

33.     Plaintiffs hereby incorporate paragraphs 1 through 32 as though stated *verbatim* below.

34.     The acts and omissions by Defendant as set forth in the preceding paragraphs in this Petition demonstrate that Defendant was engaged in conduct and/or practices evincing malice and/or reckless indifference to Plaintiffs' rights.

35.     As a direct result of Defendant's malice and/or reckless disregard for Plaintiffs' rights, Plaintiffs are entitled to exemplary and punitive damages in an amount to be determined at trial commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the Court grant judgment in favor of Plaintiffs and against Defendant for the causes of action alleged herein in an amount in excess of $75,000, exemplary and punitive damages, attorney's fees, costs, pre and post judgment interest, and for such further relief as the Court deems just and proper.

Respectfully submitted,

**RICHARDSON, RICHARDSON, BOUDREAUX**

/s/ Charles L. Richardson
Charles L. Richardson, OBA No. 13388
Raymond S. Allred, OBA No. 11747
Brian K. Melton, OBA No. 32073
Richardson Richardson Boudreaux
7447 S. Lewis Ave.
Tulsa, Oklahoma 74136
(918) 492-7674 (Telephone)
(918) 493-1925 (Facsimile)
***Attorneys for Plaintiffs***