## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  **MICHAEL NSIEN,**                )<br>2.  **UZOAMAKA NSIEN,**            )<br>                                          )<br>            **Plaintiffs,**              )<br>                                          )<br>**v.**                                     )<br>                                          )<br>1.  **COUNTRY MUTUAL INSURANCE** )<br>     **COMPANY d/b/a COUNTRY**    )<br>     **FINANCIAL, a Foreign Corporation,** )<br>                                          )<br>            **Defendant.**               ) | **Case No. 16-CV-530-JED-TLW** |

## <u>OPINION AND ORDER</u>

Before the Court is plaintiffs' Motion to File Amended Complaint (the "Motion") (Doc. 10), which defendant Country Mutual Insurance Company ("Country Mutual") has opposed (Doc. 11).  By the Motion, plaintiffs request leave of the Court to add a party-defendant to the case pursuant to Fed. R. Civ. P. 15(a).  (Doc. 10 at 1).

Plaintiffs are citizens of Oklahoma.  Plaintiffs originally filed this lawsuit on July 26, 2016 in the Tulsa County, Oklahoma District Court against Country Mutual asserting claims of bad faith and breach of contract arising out Country Mutual's refusal to provide plaintiffs insurance coverage for an automobile accident.  (Doc. 2).  Country Mutual is a foreign corporation with its headquarters and principal place of business in Illinois.  (*Id.*, ¶ 8).  On August 12, 2016, Country Mutual removed this action to federal court based on diversity jurisdiction, which requires diversity of citizenship and an amount in controversy exceeding $75,000 exclusive of interest and costs.  28 U.S.C. § 1332(a).  Plaintiffs filed this Motion on September 22, 2016.

The Motion seeks leave of the Court to name Andrea Pittman, an agent of Country Mutual, as a party-defendant, asserting that Ms. Pittman is "central to the material facts of this case."  (Doc.

10 at 2). Plaintiffs further contend that because Ms. Pittman's name appeared in the state court Petition, Country Mutual was provided notice and would face no prejudice if added as a party. (*Id.* at 3). In response, Country Mutual argues that the Motion should be denied because it would cause no undue prejudice to plaintiffs, the Motion was untimely filed, plaintiffs' sole motive to add Ms. Pittman, a non-diverse defendant, is to defeat diversity jurisdiction, and that Ms. Pittman is not a necessary party. (*See* Doc. 11).

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading if it obtains consent from the opposing party or with leave of the Court. Rule 15(a)(2) directs the Court to "freely give leave [to amend pleadings] when justice so requires." Of particular relevance here is 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Rule 19 of the Federal Rules of Civil Procedure further requires the Court to determine "whether the party sought to be joined is indispensable." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). A person is indispensable under Rule 19(a)(1) if:

> (A) in the person's absence complete relief cannot be accorded among those already parties, or (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a)(1). If the Court determines the party is indispensable, it is required to join the party and remand the case; if the party is not deemed indispensable, the Court in its discretion may permit joinder under Fed. R. Civ. P. 20(a)(2). *McPhail*, 529 F.3d at 952.

In exercising its discretion, the Court "'typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . .'" *Id.* (quoting *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416 (10th Cir. 1984)). Yet a district court "faced with an amended pleading naming a new nondiverse defendant in a removed case . . . should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). A district court's assessment should address the "extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*[1]

At the outset, the Court is troubled by the fact that plaintiffs' Motion neither cites 28 U.S.C. § 1447(e) nor Fed. R. Civ. P. 19, and also fails to provide any analysis regarding joinder, despite its assertion that Ms. Pittman is a necessary party. Then, in an attempt to cure the deficiencies in their Motion, plaintiffs raise a host of novel arguments in their Reply.[2] First, plaintiffs argue that their recent discovery of "case law giving rise to liability for independent acts of negligence and/or misrepresentation by Agent Andrea Pittman," demonstrates that joinder is appropriate to "fully protect [plaintiffs'] rights." (Doc. 12 at 2). Second, plaintiffs assert that denial of the Motion would cause undue prejudice by forcing plaintiffs to file a separate suit against Ms. Pittman. (*Id.*

---

[1] Other federal district courts in the Tenth Circuit have adopted the Fifth Circuit's guidelines. *See, e.g., Neill v. State Farm Fire & Cas. Co.*, 2015 WL 4629304, (W.D. Okla. Aug. 3, 2015); *Smart v. Pohl*, 2014 WL 12635981 (W.D. Okla. Dec. 18, 2014); *Lawrence v. McDonald's Corp.*, 2011 WL 2935674, (N.D. Okla. July 19, 2011); *Boehmer v. State Farm Fire & Cas. Co.*, 2010 WL 1499227, at *1 (E.D. Okla. Apr. 12, 2010).

[2] While "the general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief," *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009), the Court will nevertheless addresses plaintiffs' arguments because they relate to the arguments in Country Mutual's Response.

at 4).  Third, plaintiffs fault Country Mutual for failing to demonstrate it will be prejudiced if the Court grants the Motion.  (*Id.* at 5).  Fourth, plaintiffs state that their request is not untimely.  (*Id.* at 6).   But plaintiffs once again fail to cite or analyze relevant authority—the only case cited in plaintiffs' Reply is inapposite because there, the issue was whether the insurance agent, who was originally named as a defendant in the state court action, had been fraudulently joined.  *Caballero v. Safeco Ins. Co. of Am.*, 2015 WL 1731631, at *1 (W.D. Okla. Apr. 14, 2015).

Based on the circumstances, the Court concludes that plaintiffs' Motion should be denied. Due to plaintiffs' failure to provide any analysis of the Fed. R. Civ. P. 19(a) requirements, the Court cannot agree with plaintiffs' conclusory assertion that Ms. Pittman is a necessary party who must be joined.  Nor, after considering the relevant factors, will the Court exercise its discretion to add Ms. Pittman as a party-defendant.  Specifically, plaintiffs' concern about a second lawsuit alone does not support a finding that denial of the Motion will cause them undue prejudice.  *See Neill v. State Farm Fire & Cas. Co.*, 2015 WL 4629304, at *3 (W.D. Okla. Aug. 3, 2015) (rejecting plaintiffs' argument that denying post-removal joinder of insurance company agent would result in undue prejudice).  Further, as plaintiffs' Petition demonstrates, plaintiffs were clearly aware of Ms. Pittman's involvement when the state court action was filed and were capable of naming her as a defendant at that time.  (Doc. 2).  These facts support a determination that plaintiffs' request to amend is untimely and may be denied on that ground alone.  *See Sipp v. Unumprovident Corp.*, 107 F. App'x 867, 877 (10th Cir. 2004) (unpublished) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.").  It also appears likely that plaintiffs' post-removal efforts to add a non-diverse defendant they previously had knowledge of is simply an effort to return the case to state court.

For the reasons stated, plaintiffs' Motion to File Amended Complaint (Doc. 10) is **denied**.

**SO ORDERED** this 25th day of January, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE